UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CORDARION K. THOMPSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | No. 3:24-cv-00081 |
| LIEUTENANT CARTER and | ) |  |
| TROUSDALE TURNER | ) |  |
| CORRECTIONS FACILITY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Cordarion K. Thompson, an inmate of the Trousdale Turner Correctional Center ("TTCC"), filed a Complaint under 42 U.S.C. § 1983 against the TTCC and Lieutenant Carter. (Doc. No. 1). The Complaint alleges that Thompson was sexually assaulted, prison authorities ignored his requests for help, and he is afraid of future violence. *Id*. Thompson also submitted an in forma pauperis application. Because Thompson demonstrates that he does not have sufficient funds to pay the full filing fee in advance, the application (Doc. No. 4) is **GRANTED** and a $350 filing fee is **ASSESSED**.

The warden of the facility in which Thompson is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Thompson's credit at the jail; or (b) 20% of the average monthly balance to Thompson's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Thompson's preceding monthly income (or income credited to Thompson for the preceding month), but only when the balance in his account exceeds $10. *Id*. § 1915(b)(2). Payments shall

continue until the $350 filing fee has been paid in full. Id. § 1915(b)(3). The Clerk of Court SHALL send a copy of this Order to the warden of the facility in which Thompson is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Thompson is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Thompson to his new place of confinement for continued compliance with the Order.

Under the Prison Litigation Reform Act, the Court must dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court applies the standard for Rule 12(b)(6), Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to the plaintiff and taking all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). The Court then determines if the allegations "plausibly suggest an entitlement to relief," Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As a threshold matter, Thompson's claim against the TTCC cannot advance because this Defendant is not subject to suit under § 1983. The law is clear that "municipalities and other local government units [are] to be included among those persons to whom § 1983 applies [and they] therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). "The [TTCC] is not a municipality or local governmental unit; instead, it is a building, which is not a suable entity within the meaning of 42 U.S.C. § 1983." Russo v. Bedford Cnty. Sheriff's Dep't, No. 4:14-CV-75-HSM-

SKL, 2015 WL 5020999, at *2 (E.D. Tenn. Aug. 21, 2015) (citing Monell, 436 U.S. at 688-90 and n. 55); Marbry v. Corr. Med. Servs., 2000 WL 1720959, at*2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983") (citing Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991)); Cage v. Kent County Corr. Facility, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."). Because the TTCC is not a suable entity under Section 1983, it is **DISMISSED** as a Defendant.

Thompson also brings an individual-capacity claim against Lieutenant Carter for failure to respond to Thompson's needs in the wake of a sexual assault. The Complaint does not appear to charge any Defendant with failure to protect Thompson from the assault itself, and it is not alleged that Carter had reason to know that Thompson would be assaulted or that Thompson himself had reason to anticipate the assault. Accordingly, no plausible Eighth Amendment claim of failure to protect Thompson is stated here. See Curtis v. Hardin, No. 5:17CV-P85-TBR, 2017 WL 2682282, at *6 (W.D. Ky. June 21, 2017) (finding no failure-to-protect claim stated in prison rape case because "[n]othing in the complaint demonstrate[d] that the assault was anything but an unexpected incident or gives any other indication that Defendants knew of and disregarded a risk of harm to Plaintiff"). However, "Eighth Amendment jurisprudence clearly establishes that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain that is violative of the Constitution." Darrah v. Krisher, 865 F.3d 361, 367 (6th Cir. 2017) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 105 (1976)) (internal quotation marks omitted). "For this reason, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. (internal quotation marks omitted). A plaintiff must allege the deprivation of a "sufficiently serious" medical need by a defendant who acted with a

"sufficiently culpable state of mind." Id. at 367-68 (citing Farmer, 511 U.S. at 834). Here, Thompson alleges that Carter personally ignored Thompson's report of sexual assault, from which the Court can reasonably infer that Carter refused to provide needed treatment after the assault. (See Doc. No. 1, 5). Liberally construing Thompson's limited allegations in the light most favorable to him, the Complaint is sufficient for purposes of initial review. See Doe v. City of San Mateo, No. C-07-05596-SI, 2011 WL 500203, at *4 (N.D. Cal. Feb. 9, 2011) ("Failure to provide medical treatment to a rape victim who is in custody, including failure to provide needed psychiatric care, if done with deliberate indifference, can be a constitutional violation.") (citing Nelson v. Shuffman, 603 F.3d 439, 448-49 (8th Cir. 2010)); R.B. v. Hollibaugh, No. 1:16-cv-01075, 2017 WL 663735, at *12 (M.D. Pa. Feb. 1, 2017), report and recommendation adopted, No. 1:16-CV-1075, 2017 WL 661577 (M.D. Pa. Feb. 17, 2017) (request for medical attention nine days after prison rape established prison guard's knowledge of serious medical need). Thompson's deliberate indifference claim against Carter may proceed for further development.

In sum, Thompson states a colorable individual-capacity Section 1983 claim against Lieutenant Carter. The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant Carter from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12. The Clerk is INSTRUCTED to send Plaintiff a service packet (blank summons and USM 285 form) for Defendant Carter. Plaintiff MUST complete the service packet and transmit it to the Clerk's Office within 30 DAYS of the date of this Order. Upon return of the completed service packet, PROCESS SHALL ISSUE.

This action is REFERRED to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE