IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CORDARION K. THOMPSON ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00081 |
| ) | |
| LIEUTENANT CARTER ) | |

**TO:** Honorable Waverly D. Crenshaw, Jr., United States District Judge

### REPORT AND RECOMENDATION

By Memorandum Opinion and Order entered March 22, 2024 (Docket Entry No. 8), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by Defendant Kelcey Carter (Docket Entry No. 23). Plaintiff has not filed a response in opposition to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and this case be **DISMISSED**.

### I. BACKGROUND AND COMPLAINT

Cordarion Thompson ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Trousdale Turner Correctional Center ("Trousdale") in Hartsville, Tennessee. He filed this lawsuit on January 26, 2024, seeking monetary relief under 42 U.S.C. § 1983 for claims that his federal constitutional rights were violated at Trousdale in 2023 and naming Lt. Kelcey Carter ("Carter") and Trousdale as defendants. *See* Complaint (Docket Entry No. 1).

In a complaint and supplement (Docket Entry No. 5) that are somewhat sparse on factual details, Plaintiff alleges that he was beaten and sexually assaulted by another inmate while held in close custody. (Docket Entry No. 1 at 4-5, 7, and 12.) He alleges that he "asked for help" and "filed a PREA" beginning on October 19, 2023, but that he was not taken to an outside hospital until to October 26, 2023, where "they said it was too late." (*Id*. at 12.) Plaintiff alleges that he showed correctional officer Richardson a note stating that he had been sexually assaulted and that "she told" Carter about the assault but that Carter did nothing and told Plaintiff that he "was playing" and walked off. (*Id*. and Docket Entry No. 5.)

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court: (1) dismissed Trousdale; (2) found that Plaintiff's allegations did not support an Eighth Amendment claim against Carter for failure to protect Plaintiff from the assault; and, (3) found that Plaintiff's allegations were sufficient to state a colorable Eighth Amendment claim against Carter in her individual capacity based on Carter's alleged indifference to Plaintiff's need for medical treatment after the assault. (Docket Entry No. 8 at 2-4.)

After Defendant Carter filed an answer, a scheduling order was entered that provided for a period of pretrial activity in the case. (Docket Entry No. 20.) All deadlines set out in the scheduling order have now expired. There are no motions pending in the case other that Defendant's motion for summary judgment. A jury trial is demanded, but a trial has not been scheduled pending resolution of the motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT

On March 31, 2025, Defendant timely filed the pending motion for summary judgment. The motion is supported by a memorandum of law (Docket Entry No. 24), a statement of undisputed

material facts ("SUMF") (Docket Entry No. 25), Defendant's own declaration (Docket Entry No. 26), the declarations, and exhibits attached thereto, of Trousdale Grievance Coordinator Cynthia Christian (Docket Entry No. 27), and the declaration of Trousdale Warden Vincent Vantell (Docket Entry No. 30).

Defendant's first argument for summary judgment is that Plaintiff did not file a prison grievance about the alleged wrongdoing attributed to Defendant Carter and therefore did not comply with the statutory requirement that he administratively exhaust his claim prior to filing a lawsuit. Defendant next argues that the undisputed facts do not support a claim that she acted in any manner to deny Plaintiff's need for medical care and thus there is no evidence supporting Plaintiff's constitutional claim. Defendant finally argues that there is no evidence that Plaintiff suffered a physical injury that was more than *de minimis*.

Plaintiff was notified of the motion, informed of the need to respond, and given an extended deadline of April 11, 2025, to file a response. *See* Order entered February 12, 2025 (Docket Entry No. 31). Plaintiff was specifically warned that his failure to file a timely response could result in the dismissal of the action. Despite being given significantly more time to file a response than is provided for by the Local Rules, Plaintiff has not filed an actual response to the motion. Instead, Plaintiff filed a motion to ascertain status, which was address by the Court in an Order entered April 16, 2025 (Docket Entry No. 33), and recently filed a letter asking the Court to "push my case to trial" and stating that "I asked Lt. Carter face to face she walked off." (Docket Entry No. 34.)

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

3

Case 3:24-cv-00081    Document 35    Filed 05/22/25    Page 3 of 9 PageID #: 139

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not sufficient to defeat a well-supported motion for summary judgment. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

IV. ANALYSIS

A. **Exhaustion of Administrative Remedies**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit. *Ross v. Blake*, 578 U.S. 632, 635 (2016); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). But once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present significant probative evidence showing that he has complied with the PLRA's requirement of exhaustion. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

B. **Constitutional Standards**

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Although this standard does not

5

require a showing that Defendant acted with a purpose or intent to inflict harm, the standard is nonetheless a high standard and is not satisfied by a showing of negligence. *See Estelle*, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); *Comstock*, 273 F.3d at 703.

### C. Plaintiff's Claim and Summary Judgment

Although Plaintiff's allegations were sufficient to permit his claim against Defendant Carter to survive initial review, the claim does not survive Defendant's request for summary judgment. Plaintiff has not rebutted Defendant's arguments for summary judgment and has also not presented evidence in support of his claim that would permit a reasonable jury to find in his favor. After review of the evidence, the Court finds that genuine issues of material fact do not exist that require resolution at trial and that summary judgment should be granted to Defendant.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion is here, the non-moving party may not merely rest on the allegations contained in the complaint but must respond with affirmative evidence that supports his claim and that establishes the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Plaintiff has not satisfied this threshold obligation. Although he filed a motion for status and a letter, these do not, even when liberally construed, constitute an actual response to the motion and do not address or rebut Defendant's evidence or legal arguments. Further, Plaintiff fails to provide any affirmative evidence that tends to prove his allegations. Finally, Plaintiff has not responded to Defendant's SUMF. Under Rule 56.01(c) of the Local Rules of Court, his failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Accordingly, the Court is permitted to rely upon the facts set forth by Defendant as the undisputed facts.

Defendant has provided a conclusive PLRA exhaustion defense because Plaintiff has not shown that he exhausted his available administrative remedies for the claim against Defendant prior to bringing the claim in this lawsuit. Administrative exhaustion is required by the PLRA. *Ross*, *supra*. Defendant has set forth undisputed evidence that (1) a three level procedure exists at Trousdale that allows inmates to file and pursue grievances for issues relating to their conditions of confinement, and, (2) Plaintiff failed to file a grievance about Defendant Carter's alleged actions. *See* Declaration of Christian (Docket Entry No. 27) at ¶¶ 3-6; Statement of Undisputed Facts (Docket Entry No. 25) at ¶¶ 1-2.

In the face of this evidence, Plaintiff must rebut Defendant's exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *Napier*, 636 F.3d at 225. Plaintiff has not addressed Defendant's PLRA exhaustion defense, let alone set forth evidence showing either that he exhausted his claim through the grievance process or that the process was somehow unavailable to him. Plaintiff has not therefore rebutted the PLRA defense by showing his compliance with the exhaustion requirement. This unrebutted defense is a sufficient basis by itself to grant Defendant's motion.

In addition to this basis for summary judgment, the evidentiary record before the Court supports the grant of summary judgment to Defendant on the merits of Plaintiff's claim. Defendant has presented evidence that: (1) Plaintiff was taken to the medical unit for evaluation immediately after reporting the alleged sexual assault on October 25, 2023, and was then transported to an outside hospital; (2) Plaintiff's allegations of a sexual assault were investigated but were determined to be unfounded; and (3) Carter was not informed by Plaintiff or anyone else that Plaintiff had been sexually assaulted and was requesting medical treatment. *See* Declaration of Vantell (Docket Entry No. 28) at ¶¶ 4-5; Declaration of Carter (Docket Entry No. 26) at ¶¶ 3-4; SUMF (Docket Entry No. 25) at ¶¶ 3-5. Plaintiff has not rebutted this evidence and has not presented any actual evidence in support of his claim. A party opposing a motion for summary judgment must present evidence supporting the claims asserted by the party, *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003), and cannot rely on allegations or denials in unsworn filings. *Viergutz v. Lucent Techs., Inc.*, 375 Fed.Appx. 482, 485 (6th Cir. 2010). Unsworn factual statements, such as those made by Plaintiff in his motion to ascertain status and in his recent letter, are simply not evidence that can rebut a motion for summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158

n.17 (1970); *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991). Plaintiff had the opportunity to engage in discovery in this case but failed to gather and present any existing information to support his case. There is simply no evidence in the record from which a reasonable jury could find that Plaintiff's Eighth Amendment rights were violated by Defendant.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment filed by Defendant Kelcey Carter (Docket Entry No. 23) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge