# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CORDARION K. THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-00081 |
| LIEUTENANT KELCEY CARTER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 35) recommending that the Court grant Defendant Kelcey Carter's ("Lieutenant Carter") motion for summary judgment (Doc. No. 23). Plaintiff Cordarion K. Thompson ("Thompson"), proceeding pro se, has filed a letter that the Court interprets to be objections to the R&R. (Doc. No. 36). For the following reasons, Thompson's objections will be overruled, the R&R will be approved and adopted, and this case will be dismissed.

## I. BACKGROUND[1]

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. (Doc. No. 35 at 1–2). In short, Thompson is an inmate of the Tennessee Department of Correction ("TDOC") at the Trousdale Turner Correctional Center ("Trousdale") in Hartsville, Tennessee. (Id. at 1). While his allegations are sparse, Thompson asserts that he was beaten and sexually assaulted by another inmate while in Trousdale. (Id.). Thompson alleges that he requested help from Lieutenant Carter for his resulting injuries, but did

---

[1] The relevant background and facts the Court referenced to resolve Thompson's objections are from the Complaint, Supplement, and the declarations filed in support of Lieutenant Carter's motion. (Doc. Nos. 1, 5, 26, 30).

not receive any. (Id. at 2). Based on these events, Thompson filed the instant lawsuit alleging a violation of his Eighth Amendment rights under 42 U.S.C. § 1983 and seeking monetary relief for his harms. (See Doc. No. 1). Lieutenant Carter responded by filing the instant motion for summary judgment under Federal Rule of Civil Procedure 56. (Doc. No. 23).

Thompson did not file a response to Lieutenant Carter's motion, prompting the Magistrate Judge to enter an order for Thompson to respond to Lieutenant Carter's motion by April 11, 2025, and cautioning that his "failure to file a timely response to the motion as directed could result in the dismissal of this action." (Doc. No. 31 at 1–2). Thompson again did not file a timely response. The Magistrate Judge then entered the instant R&R on May 22, 2025. (Doc. No. 35). On June 3, 2025, Thompson filed a letter containing four listed "objections" that the Court will address herein. (Doc. No. 36).

## II. STANDARD OF REVIEW

The Magistrate Judge recommends that the Court grant Lieutenant Carter's motion and dismiss this case with prejudice. (Doc. No. 35 at 9). Before addressing Thompson's objections to this recommendation, it is worth emphasizing that the Federal Rules of Civil Procedure and this Court's Local Rules provide that only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Proper objections also "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been *properly* objected to." Fed. R. Civ. P. 72(b)(2) (emphasis added). In doing so, "[t]he district judge may accept, reject, or modify the recommended

2

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1)(C).

The rules distinguish between proper objections that deserve de novo review, and "vague, general, or conclusory objections," which do "not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Indeed, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted). Further, arguments raised for the first time to the district court on objection are not normally properly before the district court for consideration, as arguments are usually waived when not first presented to the magistrate judge. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (party procedurally barred from raising claim not raised before the magistrate judge); The Glidden Co. v. Kinsella, 386 F. App'x. 535, 544 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge).

Whether objections are properly raised is of great import, as an improper objection amounts to a "failure to properly, specifically, and timely object to a report and recommendation," which "releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021). When a litigant makes improper objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Under these circumstances, "[t]he functions of

3

the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and "[t]his duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id. With these standards in mind, the Court now turns to whether Thompson's objections are proper or meritorious.

### III. DISCUSSION

The Court interprets Thompson to raise four objections with the R&R: (1) he states that he has responded to "every letter," presumably meaning he has responded to all notices from the Court pertaining to this matter; (2) he asserts that Trousdale is holding his mail from being received by the Court; (3) he requests "help" because he does not "understand everything"; and (4) he warns that he will "counter suit" this matter if the case is dismissed. (Doc. No. 36). For the foregoing reasons, none of these purported objections properly challenge the R&R in a manner that would warrant this Court's de novo review.

As an initial matter, all of Thompson's objections are deficient in their failures to specifically identify a portion of the R&R that he challenges. (Id.). Instead, Thompson's objections amount to "general objection[s] to the entirety of the magistrate's report[,]" which "ha[ve] the same effects as would a failure to object." Howard, 932 F.2d at 509; see Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009) (same). Because Thompson raises only generalized grievances with the Court—not even explicitly tied to the R&R—none of Thompson's arguments are entitled to further consideration.

Should that not be enough to overrule Thompson's objections, each of them fails for additional reasons. For instance, Thompson did not raise any of these issues before the Magistrate Judge in response to Lieutenant Carter's motion in the first instance. Given that the Magistrate Judge did not have the chance to consider Thompson's arguments prior to issuing the R&R,

4

Thompson cannot now raise them before this Court for consideration.  Murr, 200 F.3d at 902 n.1; see Kinsella, 386 F. App'x at 544 (declining review of issue not considered by district court because it was not presented to the magistrate judge).  Further, Thompson's first objection that he responded to "every letter" and his third objection requesting "help" both fail on the merits.  On the former objection, the docket conclusively reflects that Thompson did not respond to Lieutenant Carter's motion.  To the extent Thompson contends his prior correspondence with the Court constitutes his response to Lieutenant Carter's motion, the Magistrate Judge considered this and properly determined that Thompson's filings provide no "actual response to the motion" and "do not address or rebut" Lieutenant Carter's evidence and legal arguments.  (Doc. No. 35 at 7).  On the latter objection, while the Court sympathizes with the constraints on Thompson's ability to litigate his case, he is not entitled to an attorney to pursue his claims or "help" him in this civil dispute.  Patmon v. Parker, 3 F. App'x 337, 339 (6th Cir. 2001) ("There is no constitutional right to counsel in civil cases."); see also Lavado v. Keohane, 992 F.2d 601, 605–06 (6th Cir. 1993) (emphasizing the same).  Accordingly, Thompson's reliance on letters on the docket and his lack of counsel to proceed forward are both in error.  VanDriver, 304 F. Supp. 2d at 938.

At bottom, what controls here is that the objections fail to provide any nonconclusory basis for how the Magistrate Judge allegedly misapplied the law or failed to consider relevant evidence in making her recommendation.  Thus, these "objections" are not proper under Federal Rule 72(b)(2) or Local Rule 72.02(a), and provide no credible basis for the Court rejecting the R&R.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Thompson's objections (Doc. No. 36) are **OVERRULED**;

2. The R&R (Doc. No. 35) is **APPROVED AND ADOPTED**; and

5

3. Lieutenant Carter's Motion for Summary Judgment (Doc. No. 23) is **GRANTED**, and this case is **DISMISSED WITH PRJUDICE**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE